IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FERNANDO CHAPA, VALERIE CHAPA, and DAKOTA C. FULLER,**  Plaintiffs,  V.  **UNITED STATES OF AMERICA,**  Defendant. | CASE NO. 8:04CV376  ORDER DENYING MOTION FOR NEW TRIAL |

This matter is before the Court on the Plaintiffs' Motion for New Trial or, in the Alternative, to Alter or Amend the Judgment. (Filing No. 77). The Plaintiffs contend that they presented evidence during the trial, which was undisputed, that if Richard Garri, M.D., had reported to the Family Advocacy Office that he suspected child abuse was involved in the injury to Dakota Fuller on October 12, 2001, then Dakota would not have suffered the injuries that he sustained as a result of being shaken by John Fuller on December 2, 2001.

The Plaintiff's medical expert, Dr. Tilelli, provided his opinions regarding what would have happened had Dr. Garri made a report of suspected child abuse to the Family Advocacy Office. Plaintiffs argue that the Family Advocacy Office employees would have placed Dakota in foster care while it conducted an investigation, that the investigation would have concluded in a determination that Dakota was the victim of child abuse, that John and Christina Fuller would have received psychological care and treatment, and that Dakota would not have been returned to the Fuller's care if they "could not be cured."

Plaintiffs' argument requires the Court to assume, without factual support, that the physician's report of *suspected* child abuse would have resulted in a finding by the Family

Advocacy Office employees of *actual* child abuse on or about October 12, 2001. To answer whether the Family Advocacy Office employees would have concluded that Dakota was a victim of abuse in October 2001, requires speculation and conjecture – there are no facts on the issue. Both Dr. Garri and Dr. Ohlson stated that Dakota's medical record as of October 12, 2001, showed that Christina and John Fuller needed additional education on parenting skills, but that the record would not have raised their concern to the level of suspected child abuse. Dr. Uzendoski also acknowledged that he could not have concluded that child abuse occurred in Dakota's case based on his medical record generated through October 12, 2001. While both Dr. Uzendoski and Dr. Tilelli agreed that, under the circumstances of this case, a review of Dakota's medical records as of October 12, 2001, would have caused a reasonable physician to make a report of suspected child abuse, all of the physicians acknowledged that it is the job of the social services agency, in this case the Family Advocacy Office, to determine after investigation whether actual child abuse had occurred and what steps needed to be taken to protect the child.

I have reviewed the Plaintiffs' arguments, and I remain unpersuaded by the evidence presented on the issue of proximate cause. Plaintiffs have asked me to assume that the Family Advocacy Office would have found child abuse that required Dakota's removal from the home, and I am not willing to so speculate. I have no credible evidence regarding what the Family Advocacy Office employees would have done or what recommendations they would have made following an investigation of Dakota's case in October 2001.

The Nebraska Supreme Court has recently stated that in addressing the issue of proximate cause, "the question is whether the specific act or omission of the defendant

2

was such that the ultimate injury to the plaintiff reasonably flowed from the defendant's alleged breach of duty." *See Munstermann ex rel. Rowe v. Alegent Health-Immanuel Medical Center,* 271 Neb. 834, 850, 2006 WL 1716279, 12 (2006) (citing *Fuhrman v. State,* 265 Neb. 176, 655 N.W.2d 866 (2003). I find that the Plaintiffs failed to carry their burden of showing by a preponderance of the evidence what decisions likely would have been made by the Family Advocacy Office, and what likely would have occurred in the Fuller household as a result of any Family Advocacy Office contact, had Dr. Garri contacted the Family Advocacy Office. Accordingly, I reaffirm my holding that the Plaintiffs have failed to show by a preponderance of the evidence that Dr. Garri's breach of duty to review Dakota's medical record was the proximate cause of the injuries Dakota sustained on December 2, 2001.

For all these reasons,

IT IS ORDERED that the Plaintiffs' Motion for New Trial or, in the Alternative, to Alter or Amend the Judgment. (Filing No. 77) is denied.

DATED this 10th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge